UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CYNTHIA ANN HAGAN, Trustee in Bankruptcy
for the Chapter 7 Estate of SHARON KAY HUMM,

    Plaintiff,

    v.

ILLINOIS DEPARTMENT OF CORRECTIONS,

    Defendant.

Case No. 05-cv-4134-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Sharon Kay Humm's ("Humm") motions for leave to proceed *in forma pauperis* (Doc. 2) and for appointment of counsel (Doc. 3). The Court also considers the entry of appearance filed by Chapter 7 Trustee Cynthia Ann Hagan ("Hagan") (Doc. 7), which the Court construes as a motion to substitute Trustee Hagan as the real party in interest in this case pursuant to Federal Rule of Civil Procedure 25(c).[1] The Court **GRANTS** the motion (Doc. 7) and **DIRECTS** the Clerk of Court to substitute Cynthia Ann Hagan, Trustee in Bankruptcy for the Chapter 7 Estate of Sharon Kay Humm, as the plaintiff in this case. The parties are directed to reflect this change in the caption of all forthcoming documents. The Court will now address the two other pending motions.

---

[1]It has come to the Court's attention that in its August 8, 2005, order, the Court did not appreciate the significance of Humm's filing for bankruptcy under Chapter 13 as opposed to Chapter 7. A Chapter 7 debtor may not maintain her own action unless the trustee abandons it. *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999). A Chapter 13 debtor-in-possession, on the other hand, may sue and be sued. *Id.*; 11 U.S.C. §§ 1303 & 1306(b); Bankr. R. 6009. Humm began this case when she was a Chapter 13 debtor-in-possession, so she had standing to commence this action. However, when her bankruptcy case was converted from Chapter 13 to Chapter 7, the Chapter 7 Trustee became the real party in interest and could then be properly substituted under Rule 25(c) as the plaintiff in this case.

I.      **Motion for Leave to Proceed** *In Forma Pauperis* **(Doc. 2)**

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Humm's affidavit that she is indigent. Furthermore, the Court does not find anything in the file to indicate that this action is frivolous or malicious. Therefore, the Court **GRANTS** the motion to proceed *in forma pauperis* without prepayment of fees and costs (Doc. 2). The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

If the plaintiff wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(2), to serve a copy of summons, complaint and this order upon the defendants in any

manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

## II.     Motion for Appointment of Counsel (Doc. 3)

Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States District Court*, 490 U.S. 296 (1989). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a 12-month period. Local Rule 83.1(i).

In deciding the request for counsel, the Court should consider all relevant information with emphasis on the following factors:

   (1)   plaintiff's diligence in attempting to secure counsel;
   (2)   the apparent merit of plaintiff's claim;
   (3)   plaintiff's ability to investigate crucial facts;
   (4)   the extent to which the skill of an attorney is needed to ensure truthful exposure of the facts;
   (5)   plaintiff's ability to manage the litigation and present his case; and
   (6)   the complexity of the issues.

*Jackson*, 953 F.2d at 1071-73; *McNeil v. Lowney*, 831 F.2d 1368, 1371-2 (7th Cir. 1987); *see Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

Humm has not demonstrated that she has made reasonable attempts to retain counsel and has not shown that she was effectively precluded from making a diligent effort in this regard. In fact, Hagan has indicated that she is in the process of obtaining consent from the Bankruptcy

Court to retain counsel and is attempting to locate counsel to represent her in this case. The Court therefore **DENIES** the motion (Doc. 3) **without prejudice** to filing another motion addressing all of the relevant issues.

**IT IS SO ORDERED.**
**DATED:  September 14, 2005**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**