UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON KAY HUMM,<br><br>         Plaintiff,<br><br>   v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>         Defendant. | Case No. 05-cv-4134-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motions of defendant Illinois Department of Corrections ("IDOC") to strike certain allegations in the complaint (Doc. 9) and of plaintiff Cynthia Ann Hagan ("Hagan") to substitute Sharon Kay Humm ("Humm") as plaintiff in this case (Doc. 12). Neither party has responded to the other's motion.

**I.     Motion to Substitute (Doc. 12)**

To understand the shifting parties to this case, it is necessary to review the procedural history of this case in light of Humm's bankruptcy case. This case alleges a cause of action against IDOC, Humm's employer, for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). Humm filed this action while she was a debtor-in-possession in a Chapter 13 bankruptcy proceeding. As a Chapter 13 debtor-in-possession, Humm was entitled to bring this suit on her own behalf. *See Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999); 11 U.S.C. §§ 1303 & 1306(b); Bankr. R. 6009. However, after she filed this suit, Humm's bankruptcy case was converted from Chapter 13 to Chapter 7. Because a Chapter 7 debtor's property, including all causes of action she may have as of the commencement of the bankruptcy case, becomes property of the estate, Humm could no longer maintain this case on her own. *See* 11 U.S.C. § 541(a)(1). Accordingly, Hagan, the Chapter 7

trustee of Humm's bankruptcy estate, was substituted as the real party in interest in this case.

In the pending motion, Hagan indicates that she has chosen to abandon Humm's cause of action as property of the bankruptcy estate, leaving Humm free to pursue this litigation on her own.  Hagan seeks therefore to substitute Humm as the real party in interest pursuant to Federal Rule of Civil Procedure 25(c).  IDOC has not objected to the substitution, and the Court finds that such substitution is appropriate in light of the trustee's abandonment of the cause of action asserted in this case.  Accordingly, the Court **GRANTS** the motion (Doc. 12) and **DIRECTS** the Clerk of Court to substitute Sharon Kay Humm as the plaintiff in this case and to send her a copy of this order.  Cynthia Ann Hagan, Trustee in Bankruptcy for the Chapter 7 Estate of Sharon Kay Humm, is terminated from this action.  The parties are directed to reflect this change in the caption of all forthcoming documents.

**II.     Motion to Strike (Doc. 9)**

IDOC asks the Court to strike three portions of the Complaint on the grounds that they are immaterial and/or impertinent.  Those paragraphs contain allegations that three other IDOC employees made charges of sexual harassment against the alleged perpetrator in this case and that the Equal Employment Opportunity Commision found merit in one of those charges.

Under Federal Rule of Civil Procedure 12(f), upon a motion or upon its own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The burden on a motion to strike is upon the moving party.  *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

IDOC has not carried its burden of convincing the Court that the subject allegations are so immaterial or impertinent that they should be stricken from the Complaint.  Accordingly, the

Court **DENIES** the motion to strike (Doc. 9).  IDOC may raise at an appropriate later stage of this litigation the question of whether evidence of such allegations is admissible at trial or in connection with a summary judgment motion.

**IT IS SO ORDERED.**
**DATED:  October 31, 2005**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**