**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

SHARON KAY HUMM,                    )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )          Civil No. 4:05-cv-4134
                                    )
ILLINOIS DEPARTMENT OF              )
CORRECTIONS,                        )
                                    )
    Defendant.                      )

**ORDER**

On September 5, 2006, this Court conducted a telephonic status conference in which attorney Sarah R. Kerley appeared on behalf of defendant and Sharon Kay Humm, plaintiff, appeared *pro se*.

The purpose of the conference was to address the plaintiff's representations that she is unable to secure counsel, unable to travel for Court appearances, and generally unable to prosecute this matter. These issues were raised by the plaintiff in multiple e-mails to Court personnel, some of which are docketed as motions (Doc. 19, 24, and 26).

In light of the plaintiff's representations, this Court will construe the "Motion to Plead for Recognition," filed by the plaintiff on August 22, 2006 (Doc. 26), as a Motion for Appointment of Counsel. The motion is **GRANTED**.[1] The Court hereby **APPOINTS** attorney Donna White McCann, McCann & McCann, 115 South 15th Street, Murphysboro, IL 62966, (618) 684-5122, to represent the plaintiff, **SHARON KAY HUMM** in this matter.

---

[1] At the conference, the Court indicated that it may construe the pending motions to dismiss (Docs. 19 and 24) as motions for appointment of counsel. Upon further consideration, however, the motions to dismiss will remain pending and will be considered by District Judge J. Phil Gilbert.

In light of the appointment of counsel, the plaintiff is advised that she may not, in the future, file any pleadings pro se in this matter while she is represented by counsel.  **In any event, the plaintiff is instructed that she MAY NOT e-mail to Chambers letters or documents that should be filed with the Clerk's office.**  Such communication constitutes forbidden *ex parte* communication and will not be allowed (even though the plaintiff also sent the e-mails to defense counsel).

Finally, this matter is set for a telephonic status conference on **October 18, 2006 at 1:30 p.m.**  Defendant to initiate the conference call.  The parties should be prepared to discuss the schedule in this case.


**DATED: September 6, 2006**


**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
